IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES ROBERT DYAL, #248085, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-618-MHT |
| | ) | [WO] |
| | ) | |
| AGENT LOURIA, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Charles Robert Dyal, an indigent state inmate, on September 20, 2017. In the complaint, Dyal asserts that the defendant, an agent with the Investigations and Intelligence Division of the Alabama Department of Corrections, failed to ensure that Dyal did not return to Staton Correctional Facility after having been attacked by inmates during a previous stay at that facility.

Pursuant to the orders of this court, the defendant filed a special report supported by relevant evidentiary materials, including affidavits and prison records, in which he addresses Dyal's claims for relief. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Dyal. Specifically, the defendant asserts and the documented evidence demonstrates that he was not responsible for custody or housing decisions regarding Dyal. Doc. 13-1 at 1–2. Moreover, the evidence indicates

that the defendant did not act with deliberate indifference to Dyal's safety. Doc. 13-1 at 2–6.

In light of the foregoing, the court issued an order directing Dyal to file a response to the defendant's written report. Doc. 14.  The order advised Dyal that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 14 at 2. Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 14 at 2.  The time allotted Dyal for filing his response to the defendant's written report expired on February 2, 2018.  As of the present date, Dyal has failed to file any response.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After this review, the court finds that dismissal of this case is the proper course of action.  Initially, the court notes that Dyal is an indigent individual and, therefore, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Moreover, Dyal's inaction in the face of the defendant's report and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the undisputed evidentiary materials submitted by the defendant demonstrate that no constitutional violation occurred—*i.e.*, that the defendant did not act with deliberate

indifference to Dyal's safety. Thus, it appears that any additional effort by this court to secure compliance by Dyal would be unavailing and a waste of this court's scarce resources.

Based on the foregoing, the court concludes that Dyal's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962). This authority empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that the sanctions imposed can include dismissal of the action without prejudice).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **March 1, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in

accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 15th day of February, 2018.

                                                   GRAY M. BORDEN
                                                   UNITED STATES MAGISTRATE JUDGE